IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-323-1 |
| | § | |
| CRAIG CURTIS | § | |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on Defendant Craig Curtis's Motion for Relief from Judgment Pursuant to Rule 60(b)(3) ("Rule 60(b) Motion") [Doc. # 696], to which the United States filed a Response [Doc. # 702].[1] Curtis asserts that he is entitled to relief from the denial of his Motion to Vacate ("§ 2255 Motion") based on his allegation that there was fraud at a June 6, 2013 evidentiary hearing. *See* Rule 60(b) Motion, p. 1. Having reviewed the full record and applicable legal authorities, and with a clear recollection of the evidence presented at the June 6, 2013 evidentiary hearing, the Court **denies** the Rule 60(b) Motion.

## I.   BACKGROUND

In May 2008, Curtis and eight co-defendants were charged by indictment with conspiracy to commit wire fraud, production of false documents, and false

---

[1] The United States filed a "Response and Motion to Dismiss." To the extent the United States intended to move to "dismiss" Curtis's motion, the Motion to Dismiss is denied as mooted by the denial of the Rule 60(b) Motion.

representation of social security numbers. Curtis was also charged with aiding and abetting wire fraud and with aggravated identity theft. The charges arose from a mortgage loan fraud scheme between January 2006 and June 2007. Curtis proceeded to trial before a jury in December 2008, represented by defense counsel John Riley Friesell. The jury returned a verdict of guilty.

At sentencing, the Court sentenced Curtis to a total term of imprisonment of 144 months, followed by three years of supervised release. The Court imposed a $600 special assessment and restitution in the amount of $2,085,396.00, for which Curtis was jointly and severally liable with his co-defendants.

Curtis filed a timely Notice of Appeal. On appeal, Curtis was represented by appellate attorneys Jani Maselli Wood and Nancy Harrison. The Fifth Court affirmed Curtis's conviction and sentence. *See United States v. Curtis*, 635 F.3d 704 (5th Cir. 2011). Curtis's petition for a writ of certiorari to the United States Supreme Court was denied on October 7, 2011.

Curtis filed a Motion to Vacate his conviction pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") on June 14, 2012. In the § 2255 Motion, Curtis asserted several claims, including a claim that his defense counsel refused to allow him to testify at trial. The Court conducted an evidentiary hearing on this issue on June 6, 2013. Based on the evidence presented at the hearing, the Court found that "Curtis advised

Friesell that he did not want to testify at trial, and that Curtis did not later express to Friesell that he wanted to testify. At no time did Friesell tell Curtis that he could not testify." *See* Memorandum and Order [Doc. # 667], p. 14. By Final Judgment [Doc. # 668] entered June 17, 2013, the Court denied Curtis's § 2255 Motion and dismissed with prejudice the corresponding civil action. Curtis filed a Notice of Appeal [Doc. # 673], and his appeal is currently pending before the Fifth Circuit.[2]

On June 11, 2014, Curtis filed the Rule 60(b) Motion, which is now ripe for decision.

## II.     STANDARD FOR RULE 60(b)(3) MOTION

Rule 60(b)(3) of the Federal Rules of Civil Procedure provides a basis for relief from judgment where the movant presents clear and convincing evidence of fraud, misrepresentation, or other misconduct by an adverse party. *See* FED. R. CIV. P. 60(b)(3); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005); *Daniels v. JPMorgan Chase Bank*, 2014 WL 2810013, *1 (5th Cir. June 23, 2014). "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Gen'l Universal Sys. v. Lee*, 379 F.3d 131, 156

---

[2]     Curtis filed this Rule 60(b) Motion after he filed the Notice of Appeal from the denial of his § 2255 Motion. Although a Notice of Appeal deprives this Court of jurisdiction to grant relief under Rule 60(b), the Court retains jurisdiction to consider and deny a Rule 60(b) motion. *See Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1074 (5th Cir. 2010).

(5th Cir. 2004) (citations omitted). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Id.* "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.*

### III. ANALYSIS

Friesell, Curtis's trial attorney, testified during the June 2013 evidentiary hearing that he advised Curtis well before trial of his right to testify and that Curtis elected not to testify on his own behalf. Friesell testified that Curtis never advised him that he had changed his mind and wanted to testify at trial. The Court found Friesell's testimony credible and consistent with other evidence presented during the hearing, including the testimony of Curtis's appellate attorneys. The Court found that Curtis's own testimony at the evidentiary hearing failed to refute Friesell's testimony. Curtis testified that *during trial* he asked whether Friesell was going to call him as a witness, and Friesell told him no. This testimony is not inconsistent with Friesell's testimony that Curtis had previously elected not to testify at trial and that Friesell supported Curtis's decision.

Based on the Court's consideration of all the evidence, and the Court's credibility determinations regarding each witness's testimony, the Court found that

Curtis had advised Friesell that he did not want to testify at trial, and that at no time did Friesell tell Curtis that he could not testify. The Court, therefore, determined that Curtis was not denied his constitutional right to testify on his own behalf at trial and was not entitled to relief under § 2255 on this claim.

Curtis argues in the Rule 60(b) Motion that Friesell's handwritten notes, introduced as Curtis's Exhibit 4 during the evidentiary hearing, were false and "fabricated." Curtis asserts also that Friesell's affidavit, introduced as Curtis's Exhibit 5 during the hearing, was similarly false and fraudulent. Curtis supports these assertions with a report prepared by Shirley Kinchen with Top Gun Security Services. In the report, Kinchen described her investigation of the CDs provided by Curtis's attorney for purposes of the evidentiary hearing and her conclusion that certain files on the CDs were accessed and/or modified on certain dates. *See* Kinchen Report, Exh. C to Rule 60(b) Motion. Kinchen states that the files on the CDs included handwritten notes dated 9/9/08, the date of the notes introduced at the hearing as Exhibit 4. *See id.* Kinchen does not report that she found any indication that the handwritten notes were false, fabricated, or otherwise suspect.

The Court has again considered the evidence presented at the evidentiary hearing in June 2013 and has considered Curtis's arguments and evidence in support of his Rule 60(b) Motion. The Court concludes that Curtis has failed to show by clear

and convincing evidence, or by any lesser standard of proof, that the United States presented false or fabricated evidence at the evidentiary hearing.[3] As a result, Curtis is not entitled to relief under Rule 60(b)(3).

## IV. <u>CONCLUSION AND ORDER</u>

Curtis has failed to demonstrate by clear and convincing evidence that the United States presented false or fraudulent evidence at the June 2013 evidentiary hearing. Curtis was represented by legal counsel at the hearing. He had a full and fair opportunity to present his case at the hearing, including cross-examining Friesell. As a result, Curtis is not entitled to relief under Rule 60(b)(3), and it is hereby

**ORDERED** that Curtis's Rule 60(b) Motion [Doc. # 696] is **DENIED**. It is further

**ORDERED** that the United States' Motion to Dismiss [Doc. # 702] is **DENIED AS MOOT**.

The Court will issue a separate Final Judgment.

---

[3] Curtis has failed to demonstrate that Friesell's notes, affidavit, and/or testimony at the evidentiary hearing were false. Even if Friesell presented false evidence, there is no indication whatsoever that the United States was aware the evidence was false. Rule 60(b)(3) provides for relief based on fraud or misconduct "by an opposing party." *See* FED. R. CIV. P. 60(b)(3). As a result, any alleged misconduct by Friesell of which the United States was unaware "is irrelevant." *See Williamson v. City of Morgan City*, 428 F. App'x 356, 358 (5th Cir. June 10, 2011).

SIGNED at Houston, Texas, this **5th** day of **September, 2014.**

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge